# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND M. MARLIN, | ) | 1:09cv0192 AWI DLB |
| | ) | |
| Plaintiff, | ) ) ) | ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO ADD COUNTERCLAIMS |
| v. | ) | |
| CHASE CARDMEMBER SERVICES, | ) ) | (Document 16) |
| | ) ) | |
| Defendant. | ) ) | |

On April 8, 2009, Defendant Chase Cardmember Services ("Defendant") filed the instant motion for leave to add two counterclaims. The matter was heard on May 8, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. George Weickhardt appeared on behalf of Defendant. Plaintiff Raymond Marlin ("Plaintiff") is proceeding pro se and appeared on his own behalf.

**BACKGROUND**

Plaintiff filed the instant action on January 30, 2009, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as state law causes of action.

After receiving an extension of time, Defendant filed its answer on April 3, 2009.

On April 8, 2009, Defendant filed a motion for leave to add two counterclaims. Specifically, Defendant seeks to add the counterclaims to recover the unpaid balance

($35,240.45) on the underlying credit account. Alternatively, Defendant argues that it can add the counterclaim as a matter of right given that it has moved within 20 days of its answer. Fed.R.Civ.P. 15(a)(B).

Plaintiff filed his opposition on April 21, 2009, and Defendant filed its reply on April 30, 2009.

## **ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleges that he is 71 years old and works as the manager for his business, Linmar Property Management, in Visalia, California. His business is located at his place of residence. His average gross revenues over the past three years were $143,872, with net profits of $83,872. He states that in August 2008, notwithstanding his revenue stream, he made a decision to stop servicing the debt he incurred with Defendant in the amount of $32,591.[1] Plaintiff made this decision because of his "financial crunch," innumerable late fees, over-limit fees and arbitrary increases in the annual percentage rate. Also in August 2008, Plaintiff hired Financial and Credit Solutions, LLC, to mediate the debt. He alleges that Financial and Credit Solutions, LLC, sent a series of cease and desist letters in August 2008, September 2008 and December 2008. Plaintiff alleges that Defendant ignored these letters and tried to collect on the debt through a "series of harassing phone calls" beginning on August 27, 2008. Plaintiff informed Defendant that Financial and Credit Solutions had a power of attorney for Plaintiff and that it had to deal with that company regarding collection of the debt.

Plaintiff alleges that Defendant ignored the "legally prescribed avenues" to recover the alleged debt and instead used harassing tactics in violation of the FDCPA. He alleges causes of action for (1) negligent infliction of emotional distress, and (2) tortious interference. He requests damages in a "sum in excess of $8,900, along with attorney's fees and costs, to be determined, together with punitive damages, delay damages, costs and such other relief as this Honorable Court deems just and proper." Complaint, 6-7.

---

[1] Defendant alleges that the account was a business credit card.

2

**DISCUSSION**

A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 13(f) provides that the Court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires. Generally, pursuant to Rule 15(a), amendment of pleadings should be liberally allowed, and in determining whether leave to amend should be granted, courts consider factors such as the good faith and diligence of the claimant, the extent of the delay, futility of amendment, and the danger of prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962).

These factors are likewise considered in determining if, pursuant to Rule 13(f), leave should be granted to allow an amendment to allege a counterclaim omitted through oversight, inadvertence, or excusable neglect, or when justice requires. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 n. 10 (1993); Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda., 220 F.R.D. 614, 620 (C.D.Cal.2003). Generally, although the decision to grant or deny a motion for leave to amend is governed by the court's discretion, amendment is permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party. Hip Hop Beverage Corp., 220 F.R.D. at 620 (C.D.Cal.2003).

B. <u>Analysis</u>

Defendant seeks to add the following counterclaims: (1) breach of contract, based on the agreement to make payments on the account and pay for Defendant's collection costs, etc., in the event of a default, in the Business Card Cardmember Agreement/Business Card Credit Agreement ("Agreement"),[2] entered into on June 21, 2005, when a Chase credit card business account was issued to Plaintiff; and (2) money had and received, in the amount of $35,240.45. Defendant seeks damages in the amount of $35,240.45 plus interest pursuant to the Agreement at

---

[2] Defendant also alleges that the Agreement contained a valid arbitration provision, but does not move to compel arbitration.

3

the rate of 29.99 percent per annum from April 3, 2009, to the date of the judgment, as well as costs and attorney's fees pursuant to the Agreement.

### 1. Failure to Include Counterclaims In Answer

In explaining its failure to include the counterclaim in its answer, Defendant contends that at the time it filed the answer on April 3, 2009, it had not yet been able to verify the appropriate person or entity responsible for the amount owing on the account. Counsel made a good effort to ascertain who the correct debtor on the account was, but could not confirm that the card was issued to Raymond M. Marlin dba Linmar Property Management until April 6, 2009. Declaration of Wendy C. Krog, ¶ ¶ 3, 4.

The Court finds that Defendant's failure to include the counterclaims in its answer was justifiable and will not prevent the Court from examining the merits of the amendment.

### 2. Futility

Where there is no original jurisdiction over the counterclaims, as here, the Court must turn to supplemental jurisdiction. 28 U.S.C. section 1367 grants federal courts supplemental jurisdiction over claims over which no original jurisdiction exists. Section 1367(a) grants supplemental jurisdiction over state law counterclaims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

*Compulsory or Permissive*

Federal Rule of Civil Procedure 13 defines counterclaims as "compulsory" or "permissive." Rule 13(a)(1) defines a compulsory counterclaim as one "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim" and one that "does not require adding another party over whom the court cannot acquire jurisdiction." The Ninth Circuit applies a "logical relationship test" to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Pochiro v. Prudential Ins. Co. of Amer., 827 F.2d 1246, 1249 (9th Cir.1987). A logical relationship "exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts

serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates the additional legal rights otherwise dormant in the defendant." In re Lazar, 237 F.3d 967, 979 (9th Cir. 2001). Courts traditionally have supplemental jurisdiction over compulsory counterclaims because a claimant would otherwise lose his opportunity to be heard on the claim. All counterclaims that are not compulsory are permissive.

Here, Defendant contends that its proposed counterclaims are compulsory. In support of its argument, it relies mainly on Plant v. Blazer Financial Serv., Inc. of Georgia, 598 F.2d 1357 (5th Cir. 1979), where the Fifth Circuit found a counterclaim for the underlying debt in a Truth in Lending action to be compulsory because of the obvious interrelationship of the claims and rights of the parties, and the common factual basis of the claims.

However, although the Ninth Circuit has not specifically decided whether a counterclaim for the underlying debt in an FDCPA action is compulsory or permissive, most, if not all of the district courts within the Ninth Circuit, including this Court, have determined that such a counterclaim is permissive. See eg., Koumarin v. Chase Bank USA, 2008 WL 5120053 (N.D.Cal. 2008); Avery v. First Resoluation Mgmt. Corp., 2007 WL 1560653 (D.Or. 2007); Moore v. Old Canal Financial Corp., 2006 WL 851114 (D.Idaho 2006); Sparrow v. Mazda American Credit, 385 F.Supp.2d 1063, 1068 (E.D. Cal. 2005); Campos v. Western Dental Srvs., Inc., 404 F.Supp.2d 1164 (N.D.Cal. 2005).

In Sparrow, this Court determined that the counterclaim for the underlying debt in an FDCPA action was not compulsory because "[w]hile the debt does provide some factual connection between the claims, because they arise out of the debt, the legal issues and evidence relating to the claims are considered sufficiently distinct so as not to meet the 'logical relationship' test." Sparrow at 1068. For example, the issues raised by each claim were distinct, the evidence needed to support each claim differed, and the claims were not related on a "transactional" level. Id.

The Court agrees with the above authority and finds that the counterclaims are permissive. Although Defendant argues that one of the main elements of an FDCPA claim is the existence of a debt, so that the FDCPA claim arises out of the same debt that forms the basis of

the counterclaim and the evidence would overlap, whether the plaintiff has an outstanding debt is irrelevant to the FDCPA claim. Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982) (holding that a debtor has standing to complain of violations of the FDCPA regardless of whether a valid debt exists). Accordingly, the Court finds that the counterclaims are permissive.

*Supplemental Jurisdiction*

\	Having determined that the counterclaim is permissive, the Court must determine whether supplemental jurisdiction exits under 28 U.S.C. section 1367(a). The "case or controversy" test mentioned above asks whether the counterclaim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See Sparrow, 385 F.Supp.2d at 1070.

Defendant contends, and the Court agrees, that supplemental jurisdiction exists over the permissive counterclaim pursuant to section 1367(a) because there is at least a "loose factual connection" between the claims. Indeed, a majority of the cases within the Ninth Circuit have also determined that the Court has supplemental jurisdiction over the permissive counterclaim for the underlying debt. For example, in Sparrow, this Court found that supplemental jurisdiction existed because the counterclaim for the underlying debt and the FDCPA claim "related to a single debt incurred by Plaintiff. . ." Sparrow, 385 F.Supp.2d at 1070.

*Discretion to Exercise Supplemental Jurisdiction*

Under section 1367(c)(4), a district court may decline to exercise supplemental jurisdiction over a claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Defendant, relying mainly on cases outside of the Ninth Circuit, argues that this Court should exercise supplemental jurisdiction over the counterclaims for the sake of judicial economy and efficiency. Defendant also contends that a separate action in state court would impose additional expenses on the parties involved. While the Court understands that additional expenses would exist, the time and resources spent prosecuting and/or defending against the counterclaims will be the same whether the counterclaims are brought here or in state court. In

fact, it is likely that a simple debt collection action would proceed *more* expeditiously in state court.

In any event, the Court finds the reasoning set forth in Sparrow and its progeny persuasive. There, this Court explained:

> In a case such as this one, strong policy reasons favor declining to exercise jurisdiction. As the court states in Leatherwood, allowing a debt collector to bring an action for the underlying debt in a case brought under the FDCPA may deter litigants from pursuing their rights under that statute:
>
>> To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this. Moreover, it would involve this Court in questions of no federal significance. Given the remedial nature of the FDCPA "and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of ... the target of the very legislation under which" a FDCPA plaintiff states a cause of action.
>
> 115 F.R.D. at 50 (quoting Roberts v. Nat'l Sch. of Radio & Television Broadcasting, 374 F.Supp. 1266, 1271 (N.D.Ga.1974)). A major purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the individual actually owes a debt. Baker, 677 F.2d at 777...

Sparrow, 385 F.Supp2d at 1070-1071.

Defendant argues that Plaintiff's filing of the instant FDCPA action suggests that the chilling effect discussed in Sparrow is overstated. However, the concern with a chilling effect involves potential plaintiffs who may debate bringing an FDCPA action and ultimately decide against it because of the possibility of facing a counterclaim on the underlying debt. Moreover, although one court in this Circuit exercised discretion over a permissive counterclaim for the underlying debt in an FDCPA action, it did so in part because of the small amount of the debt involved:

> Here, given the relatively small amount of the alleged debt, $3,086.23 plus interest from September 12, 2008. . . it appears unlikely that the Court's exercise of supplemental jurisdiction over Chase's Counterclaim against Koumarian would have a "chilling effect" on Koumarian's FDCPA claim or on potential analogous claims made by similarly situated individuals.

Koumarian at *3. The debt at issue here is over $35,000.

Therefore, for the reasons set forth above, the Court declines to exercise jurisdiction over Defendant's permissive counterclaims.

C.     Amendment as of Right

Alternatively, Defendant argues that it can add the counterclaim as a matter of right given that it has moved within 20 days of its answer. Federal Rule of Civil Procedure 15(a) provides:

> (a) Amendments Before Trial.
>
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
>
> (A) before being served with a responsive pleading; or
>
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

Defendant correctly notes that "some" courts have allowed the addition of a counterclaim under 15(a)(1)(B) as a matter of right. Motion, at 3. For example, in Deutsch v. Health Ins. Plan of Greater New York, 573 F.Supp. 1443, 1445 (D.C.N.Y. 1983), the district court held that leave under 13(f) was required only where amendment was not allowed as a matter of right.

As Defendant is aware, however, this is not a universal premise. The Sixth Circuit has determined that leave of court is always required for adding a counterclaim despite 15(a)(1)(B). Stoner v. Terranella, 372 F.2d 89 (6th Cir. 1967). More recent cases have reached similar results. Sweeney v. Allen, 494 F.Supp.2d 818 (S.D.Ohio,2007) ("[T]he remedies provided by the two rules are mutually exclusive in the sense that an amendment asserting a previously omitted counterclaim ..., is made pursuant to Rule 13(f) and not Rule 15(a).") (citing Stoner v. Terranella); Garcia v. Madison River Communications, L.L.C., 2002 WL 1798774 (E.D.La. 2002) (motion to add counterclaims is governed by Rule 13(f), not Rule 15(a)).

The Court declines consider Defendant's motion to amend under Rule 15(a)(1)(B), finding Rule 13(f) to be the appropriate analysis.

Defendant's motion for leave to amend is therefore DENIED.

IT IS SO ORDERED.

Dated: **May 18, 2009**         /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE