IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYMOND M. MARLIN,** | 1:09-cv-192  AWI DLB |
| Plaintiff, | ORDER ON DEFENDANT'S RULE 12(c) MOTION |
| v. | (Doc. No. 26) |
| **CHASE CARDMEMBER SERVICES,** | |
| Defendant. | |

Plaintiff Raymond Marlin ("Marlin") has brought this suit against Defendant Chase Bank USA, N.A., erroneously named as Chase Cardmember Services, ("Chase") for alleged violations of 15 U.S.C. §§ 1692(c),(k), i.e. the Fair Debt Collection Practices Act ("FDCPA").  Chase moves for judgment on the pleadings under Rule 12(c).  For the reasons that follow, the motion will be granted.

## BACKGROUND

As alleged in the complaint, Marlin is a 71-year old resident of Visalia, California, and his residence and principal place of business are one and the same.  On August 2008, Marlin made the decision to discontinue servicing the debt that he had incurred with Chase.  At that time, Marlin's debt to Chase was approximately $33,000.  Marlin decided to stop servicing this debt due to a personal financial crunch and various fees that Chase charged.  Marlin engaged a financial consulting company to mediate between himself and Chase.  Marlin also executed a power of attorney to the consulting firm.  The consulting firm sent a series of cease and desist letters to Chase in August, September, November, and December 2008.  Chase ignored the letters

and attempted to collect on the debt through a series of harassing telephone calls (from August 2008 through January 2009) to Marlin. Marlin informed Chase that Chase was calling Marlin's place of business, which also happened to be his residence. Instead of dealing with the consulting firm and honoring the power of attorney and cease and desist letters, Chase made harassing telephone calls to Marlin.

Marlin filed this lawsuit and contends that the series of harassing telephone calls violated the FDCPA, which caused him emotional distress and loss of business. Marlin specifically contends that Chase has violated 15 U.S.C. § 1692c. Marlin requests $5,500 for emotional distress and $3,400 for the violations of § 1692c. Chase now moves for judgment on the pleadings.

**LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(c), "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is appropriate when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007); Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. See MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006); Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. See Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005); Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004). "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." Hal Roach Studios, 896 F.2d at 1550. Although

Rule 12(c) does not mention leave to amend, courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment.  See Lonberg v. City of Riverside, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004); Carmen v. San Francisco Unified School Dist., 982 F.Supp. 1396, 1401 (N.D. Cal. 1997).

## **DEFENDANT'S MOTION**

*Defendant's Argument*

Chase argues that the FDCPA applies to "debt collectors."  A creditor who is attempting to collect the debt owed to it is not a "debt collector" under the act.  Since the complaint alleges that Chase was trying to collect on a debt that Marlin owed to Chase, Chase is not a "debt collector" and cannot be liable under the FDCPA.[1]

*Plaintiff's Opposition*

Marlin argues that repeated calls were made to his business/residence.  Marlin states that although the people who called him claimed to represent Chase, those people gave him the impression that they were third parties who had been engaged by Chase to make the calls. Marlin felt this impression because the callers were not aware of the cease and desist letters from his consulting firm and they seemed completely unaware of the particulars of the debt.  Given the lack of awareness by the callers of the debt particulars, Chase is attempting to evade the FDCPA by claiming it is a not debt collector.

*Legal Standard*

The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e); Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1099 (9th Cir. 1996).  "The FDCPA's provisions generally apply only to 'debt

---

[1] Chase also argues that Marlin is making a claim for California common law negligent infliction of emotional distress.  However, the opposition indicates that Marlin is not so alleging, and Chase's reply indicates that it is now unnecessary to address the argument in light of Marlin's opposition.  Accordingly, the Court will not address or consider Chase's emotional distress argument.

collectors.'" Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (citing Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000)).  The FDCPA defines "debt collector" in relevant part as "any person who . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[2]  15 U.S.C. § 1692a(6).  In other words, the "term 'debt collector' has a particular meaning . . . it refers only to persons attempting to collect debts due 'another.'" MacDermid v. Discover Fin. Servs., 488 F.3d 721, 734 (6th Cir. 2007).   Accordingly, creditors who collect on their own debt and in their own name are not "debt collectors" and are not subject to the FDCPA.  See MacDermid, 488 F.3d at 734-35; Pollice, 225 F.3d at 403;  Maguire v. Citicorp Retail Servs., 147 F.3d 232, 235 (2d Cir. 1998); Aubert v. Am. Gen. Fin., 137 F.3d 976, 978 (7th Cir. 1998); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); see also Schmitt v. FMA Alliance, 398 F.3d 995, 998 (8th Cir. 2005).  However, a creditor becomes subject to the FDCPA if the creditor "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C. § 1692a(6); Maguire, 147 F.3d at 235; Pippert v. Niece, 518 F. Supp. 2d 1265, 1270 (D. Or. 2007).

*Discussion*

Judgment in favor of Chase is appropriate.  The complaint acknowledges that Marlin owes a debt to "defendant," i.e. Chase, and that "defendant," i.e. Chase, ignored his letters and made harassing calls.  The allegations therefore show that Chase was attempting collect on its own debt.  There are no allegations that Chase identified itself as a third party while making the telephone calls.  Although it may seem counterintuitive, a creditor trying to collect on its own debt is not a "debt collector."  Since the allegations show that Chase was trying to collect on its own debt, the complaint shows that Chase is not a debt collector; therefore, Chase is not subject

---

[2]There are a number of individuals who are excluded from this definition, including officers and employees of creditors who, in the name of the creditor, attempt to collect the debts owed to the creditor.  See 15 U.S.C. § 1692a(6)(A)-(F).

4

to liability under the FDCPA.  See MacDermid, 488 F.3d at 734-35; Pollice, 225 F.3d at 403; Maguire, 147 F.3d at 235; Aubert, 137 F.3d at 978; Perry, 756 F.2d at 1208.

The Court does not believe that leave to amend is appropriate.  Even if Marlin's suspicions are correct and the callers were not Chase employees but were "employees of some third-party collection company, that would not change the fact that neither [Chase] nor its employees are 'debt collectors' under the FDCPA."  MacDermid, 488 F.3d at 735.  Federal courts have held that creditors who are not themselves "debt collectors" may not be vicariously liable under the FDCPA for the actions of the "debt collectors" whom they hire.  See Pollice, 225 F.3d at 404; Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 108 (6th Cir. 1996); Fouche v. Shapiro & Massey L.L.P., 575 F.Supp.2d 776, 783 (S.D. Miss. 2008); Oei v. N Star Capital Acquisitions, LLC, 486 F.Supp.2d 1089, 1095-96 (C.D. Cal. 2006); Doherty v. Citibank (S.D. N.A., 375 F.Supp.2d 158, 162 (E.D. N.Y. 2005); Conner v. Howe, 344 F.Supp.2d 1164, 1170 (S.D. Ind. 2004); Caron v. Charles E. Maxwell, P.C., 48 F.Supp.2d 932, 936 (D. Ariz. 1999).  Additionally, neither the opposition nor the complaint indicate that the callers identified themselves as being employed by an entity other than Chase, and neither the opposition nor the complaint indicate that Chase used a name other than its own in trying to collect its debt.  See 15 U.S.C. § 1692a(6); Maguire, 147 F.3d at 235; Pippert, 518 F. Supp. 2d at 1270.  In light of these considerations, the Court will grant judgment in favor of Chase.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 12(c) motion is GRANTED;
2. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff;
3. The Clerk is further directed to CLOSE this case.

IT IS SO ORDERED.

**Dated:    July 10, 2009**                              /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE

5